IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| RONA VILLAGE OF BEAVERCREEK HOMEOWNERS ASSOC.,  :  Plaintiff,  :  vs.  :  PEKIN INS. CO.,  :  Defendant.  : | Case No. 3:23-cv-00088  District Judge Thomas M. Rose  Magistrate Judge Caroline H. Gentry |

## ORDER APPOINTING UMPIRE

This action concerns an insurance policy ("the Policy") that Defendant issued to Plaintiff. Briefly, the parties dispute the amount of damages caused by a windstorm that hit Plaintiff's insured properties in March 2021. (Complaint, Doc. No. 1, PageID 3.)

The Policy "contains an alternative dispute resolution process . . . that mandates the appointment of a three-person appraisal panel (two 'party appraisers' and a neutral 'umpire') that is tasked with the responsibility of determining the amount of a loss." (Doc. No. 10-1, PageID 366.) The parties have begun this process and each party has appointed its respective appraiser. (*Id*.; Doc. No. 18, PageID 654.) However, the appraisers have been unable to agree on an umpire. (Doc. No. 10-1, PageID 366–67; Doc. No. 18, PageID 654.) Pursuant to the terms of the Policy, the parties therefore have asked the Court to name an umpire for them.[1] (Doc. No. 10-1; Doc. No. 18, PageID 660.)

---

[1] The parties also explicitly concede that this Court has the authority to do so. (Doc. No. 10-1, PageID 367; Doc. No. 18, PageID 654.)

1

Plaintiff proposed five candidates (Doc. No. 10-1, PageID 367–72); Defendant proposed six candidates (Doc. No. 18, PageID 657–60). Both parties have thoroughly briefed the Court on the credentials of their candidates. Defendant objects to each of Plaintiff's proposed candidates, primarily on the ground that they are based out of state, leading to concerns over travel expenses. (Doc. No. 18, PageID 655–66.) Plaintiff has not objected to any of Defendant's proposed candidates.

The Court has reviewed the qualifications of each of the proposed candidates. Upon consideration, the Court finds that due to his relatively proximity, extensive familiarity with wind damage, accreditation as a Registered Roof Consultant, and previous experience as an umpire, Mr. Ronald Lucy is the candidate who is most well-suited to this role. The Court therefore **ORDERS** as follows:

1) Plaintiff's Motion to Appoint Appraisal Umpire (Doc. No. 10) is **GRANTED**.
2) Ronald L. Lucy is **APPOINTED** as a neutral umpire in this matter, pursuant to the terms of the Policy. The Clerk is **DIRECTED** to serve a copy of this Order upon Mr. Lucy at the address provided in his curriculum vitae (Doc. No. 18-9). The parties shall make such arrangements as are necessary to facilitate Mr. Lucy's execution of his role as umpire.
3) The parties are **ORDERED** to file a joint status report every ninety (90) days until the appraisal process is complete as prescribed by the Policy. The parties are further **ORDERED** to notify the Court no later than fourteen (14) days following the completion of the appraisal process as prescribed by the Policy.

**IT IS SO ORDERED**.

                                                     */s/ Caroline H. Gentry*
                                                     Caroline H. Gentry
                                                     United States Magistrate Judge

<u>Procedure on Objections</u>

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4