IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| RONA VILLAGE OF BEAVERCREEK HOMEOWNERS ASSOC. | : : : | Case No. 3:23-cv-00088 |
| Plaintiff, | : : | District Judge Thomas M. Rose  Magistrate Judge Caroline H. Gentry |
| vs. | : : | |
| PEKIN INS. CO., | : : | |
| Defendant. | : | |

# ORDER

On June 28, 2023, this Court, at the request of the parties, entered an Order appointing Ron Lucy as a neutral umpire for purposes of alternative dispute resolution.[1] (Doc. No. 19.) Plaintiff has now filed a Motion for Permission to Lodge Objections to Defendant's Proposed Umpires, to File Reply Brief, and for Reconsideration by Magistrate Judge of Order Appointing Umpire. ("Motion for Reconsideration," Doc. No. 20.) As grounds for its motion, Plaintiff asserts that the Court's Order was premature under the time limits set forth by S.D. Ohio Civ. R. 7.2(a)(2) and the Court therefore deprived Plaintiff of its opportunity to object to Defendant's proposed candidates.

Defendant has filed a response in opposition. (Doc. No. 21.) Defendant argues, first, that because the Policy authorizes this Court only to appoint an umpire, this Court does not have "any authority or jurisdiction once the umpire selection is made," and

---

[1] The details of that alternative dispute resolution and the bases for the Court's appointment are set forth in that Order and need not be repeated here.

1

second, that the policy does not impose any "requirement that the parties . . . be permitted to make objections to the other parties' possible umpires." (*Id*. at PageID 755.)

Defendant is incorrect in its assertion that this Court lacks authority to revisit its own earlier Order. To the contrary, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." *Leelanau Wine Cellars Ltd., v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004) (internal citations omitted) (collecting cases). Final judgment has not yet been entered in this case. Therefore, the Court has full discretion to reconsider its selection of an umpire.

Moreover, Plaintiff is correct that the Court's Order (Doc. No. 19) was premature under S.D. Ohio Civ. R. 7.2(a)(2). Due to a clerical error on the part of court staff, the Court issued its ruling before the deadline for Plaintiff to object to Defendant's proposed candidates had expired. Although the Policy does not, as Defendant notes, expressly authorize such objections, it also does not forbid them. Indeed, Defendant asserted objections to Plaintiff's candidates and the Court considered those objections. It would be unjust to deny Plaintiff the same opportunity solely because of the Court's own error. Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration to the extent that it seeks leave to raise objections to Defendant's proposed candidates. Plaintiff is **GIVEN LEAVE** to file its reply brief and proposed objections (Doc. No. 20-3).

Having fully considered Plaintiff's objections, however, the Court is not persuaded that it erred in appointing Mr. Lucy. When selecting an umpire, the Court need not exhaustively explain its evaluation of each candidate. The Court does note, however, that

each party has asserted apparently non-frivolous objections to *all* of the other party's candidates. In these circumstances, the Court must appoint an umpire with whom one party will be dissatisfied.[2] The Court has already determined that Mr. Lucy is well-qualified for this role by training and experience, that his appointment does not create any known conflict of interests, and that his relative proximity to the property alleviates Defendants' concerns regarding travel expenses. These facts remain true notwithstanding Plaintiff's assertions that Mr. Lucy declined to answer questions during an interview which – as Defendants note (Doc. No. 21, PageID 755) – he was under no obligation to conduct. For these reasons, the Court finds that Plaintiff's objections to Ron Lucy are not well taken. The Court **OVERRULES** Plaintiff's objections and **DENIES** the Motion for Reconsideration to the extent that it asks the Court to appoint a different umpire.

In sum, therefore, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Permission to Lodge Objections to Defendant's Proposed Umpires, to File Reply Brief, and for Reconsideration by Magistrate Judge of Order Appointing Umpire (Doc. No. 20) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **GIVEN LEAVE** to file its reply brief and proposed objections (Doc. No. 20-3). However, the Court **AFFIRMS** its appointment of Ronald Lucy as umpire.

---

[2] Plaintiff correctly notes (Doc. No. 20-3) that the Policy does not require the Court to select the umpire from among the parties' candidates. Neither, however, does the Policy require the Court to expend its own time and resources to identify and propose a qualified candidate whom neither party has identified—much less, a candidate to whom one or both parties do not object.

2. The Clerk is **DIRECTED** to serve a copy of this Order upon Mr. Lucy at his address of record.

**IT IS SO ORDERED**.

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4